UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14016-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

ERIC ROLLINS,

       Defendant.
_____/

**DEFENDANT'S RESPONSE TO GOVERNMENT'S OBJECTIONS
TO PRESENTENCE INVESTIGATION REPORT, DEFENDANT'S FACTUAL
OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT
AND DEFENDANT'S REQUEST FOR A SENTENCE BELOW THE
ADVISORY GUIDELINE RANGE**

    Defendant, Eric Rollins, through undersigned counsel, files the following response to the government's objections to the Presentence Investigation (hereinafter referred to as the PSI), and request for an upward departure. Defendant further files his own factual objections to the PSI, and submits a request to be sentenced below the advisory guideline range.

    1. Defendant submits the PSI as presently calculated is correct, and that § 2G1.3(b)(2) does not apply to his case.

    2. Defendant submits that the government's grounds for a sentencing departure are unfounded and unreasonable. First the government asserts that Defendant's possession of a firearm on the date of his arrest is a basis for departure. Defendant has a concealed weapons permit and carried the firearm in the normal course of his everyday life. There is no indication that the firearm was in any way connected to the offense, and as such should not be used by this

Court as a basis for departure.  <u>Second</u> the government would like this Court to base a departure on the number and content of the chats found on Defendant's computer.  There is no proof that the individuals Defendant chatted with were minors.  There is also no indication that Defendant ever had any contact with anyone, minor or adult, as a result of these chats.  There is simply no indication that these chats were anything other than fantasy.  The government asks this Court to base a departure on speculation.  If the government had any evidence that these chats were with minors it would have produced it.  The government has none, and therefore these chats should not form the basis of a departure.

      3.  The government's final objection is that the redacted summaries of Defendant's chats placed in the PSI do not fully inform the Court of Defendant's conduct.  Defendant's conduct is clear from those portions of the chats placed in the PSI.  The government is free to present the entire chats to the Court at the time of sentencing.  There is no further need to detail the nature of the chats in the PSI.

      4.  At p. 6, ¶ 15, the PSI mentions an incident in Utah where Defendant had previously been detained "in reference to a sex crime against a child."  This incident occurred when Defendant's wife misconstrued a innocent gesture, a kiss on the head, between Defendant and his foster daughter.  Defendant was briefly detained for questioning and then released.  No charges were ever filed by the Utah authorities.

      5.  At p. 6, ¶ 16, the PSI states that the authorities found out about Defendant's flash drive from his wife after his arrest.  This is not a factually accurate statement.  Defendant turned the flash drive over to the corrections officers at the St. Lucie County Jail at the time that he was booked.

6. At. p. 13, ¶ 66, the PSI states Defendant's wife's age as 56. Mrs. Rollins is 44 years old.

7. At p. 13, ¶ 67, the PSI states that Defendant's home is a two bedroom one bathroom residence. The home consists of four bedrooms and two bathrooms.

8. At p.p.s. 14-15, ¶ 76, the PSI states that Defendant's company Rhyno Repair was not incorporated in the State of Florida. Defendant's business was a sole proprietorship.

9. At p. 18, ¶ 97, the PSI indicates that because Defendant carried a weapon on his person when he came to the meeting with the purported minor, a departure may be warranted. Defendant has previously addressed why this factor is not a reasonable and justified basis for departure.

10. Defendant submits that there are a number of different factors which can be considered pursuant to § 3553(a)(1), dealing with his history and characteristics which when considered in conjunction with the circumstances of the offense, make a sentence below the advisory guideline range both reasonable and appropriate. As to the nature and circumstances of the instant offenses, Defendant agrees these were serious offenses, and he fully expects to receive a substantial punishment for his behavior. As to Defendant's personal history and characteristics, a number of factors mitigate in favor of a more lenient sentence. Defendant has no prior criminal record. He is the victim of severe child abuse. Defendant still bares the scars of his father's beatings. Defendant enlisted in the Australian Army at age 17. Defendant honorably served in both the Australian and U.S. military. Defendant served two tours in Vietnam, where he saw combat. Defendant suffers from war related PTSD, and possible health complications from exposure to Agent Orange. Defendant suffers from depression and has recently been diagnosed

with Bipolar Disorder. Defendant has been gainfully employed his entire adult life. He has always provided for his family. Defendant suffered and still suffers today from the tragic deaths of two of his children. All of these factors mitigate in favor of a sentence below Defendant's advisory guideline range.

                        Respectfully submitted,

                        KATHLEEN M. WILLIAMS
                        FEDERAL PUBLIC DEFENDER

By:    s/Robin C. Rosen-Evans
       Robin C. Rosen-Evans
        Assistant
       Federal Public Defender
       Attorney for Defendant
       Florida Bar No. 438820
       450 Australian Ave. Suite 500
       West Palm Beach, Florida 33401
       TEL:(561) 833-6288
       FAX:(561) 833-0368
       E-Mail: Robin_Rosen-Evans@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th of November 2006, undersigned counsel filed the foregoing document with the Clerk of the Court using CM/ECF and has served same via U.S. Mail to those counsel(s) who are not authorized to receive electronically Notice of Electronic Filing.

                        s/Robin C. Rosen-Evans
                        Robin C. Rosen-Evans

**Mailing List**

Maria L. Monge
United States Probation
300 NE 1st Avenue, Suite 315
Miami, FL 33132-2126

Beth Sreenan
Asst. United States Attorney
505 South 2nd Street
Suite 200
Fort Pierce, FL 34950

Robin C. Rosen-Evans
Asst. Federal Public Defender
450 Australian Avenue
Suite 500
West Palm Beach, FL 33401